UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHEILA HAMILTON                    CIVIL ACTION NO. 6:15-CV-02015

VS.                                SECTION P

                                   JUDGE DONALD E. WALTER

JAMES ROGERS                       MAGISTRATE JUDGE WHITEHURST

REPORT AND RECOMMENDATION

*Pro se* plaintiff Sheila (aka Shelia) Hamilton, a prisoner in the custody of the Louisiana

Correctional Institute for Women, filed the instant petition for writ of on July 7, 2015. Plaintiff

attacks her 2009 convictions for attempted murder and the concurrent hard labor sentences

imposed thereon by the Sixteenth Judicial District Court, St. Mary Parish.  This matter has been

referred to the undersigned for review, report, and recommendation in accordance with the

provisions of 28 U.S.C. §626 and the standing orders of the Court.  For the following reasons, it is

recommended that the petition be **DISMISSD** pursuant to F.R.C.P. Rule 41(b).

### *Background*

On March 9, 2009, petitioner pled guilty to one count of attempted second degree murder

and *nollo contendere* to a second count of second degree murder. [Doc. 1-5, pp. 25-26] On June

4, 2009, she was sentenced to serve concurrent sentences of 40 years without benefit of parole.

[Doc. 1-5, p. 12] Petitioner's attorney filed a belated motion for appeal and on February 11, 2010;

her first appeal was dismissed as untimely. *State of Louisiana v. Sheila M. Hamilton*, 2009-KA-

2325 (La. App. 1 Cir. 2/11/2010). [Doc. 1-3, p. 36] On May 12, 2010, she filed a *pro se* application

for post-conviction relief seeking an out-of-time appeal. [Doc. 1-3, pp. 37-38] On June 18, 2010,

the State answered and argued that petitioner, by virtue of her plea agreement, had forfeited her

right to appeal. [Doc. 1-5, pp. 1-8] On the same day, the Court granted petitioner an out-of-time appeal. [Doc. 1-3, pp. 34-35]

In due course, the Louisiana Appellate Project was appointed to represent petitioner on appeal and on September 27, 2010 appellate counsel submitted a brief arguing a single claim of excessiveness of sentence. [Doc. 1-3, pp. 24-33] On March 25, 2011, the First Circuit Court of Appeal affirmed her convictions and sentences noting that pursuant to the provisions of La. C.Cr.P. art. 881.2(A)(2) she was procedurally barred from appealing her sentences. *State of Louisiana v. Shelia M. Hamilton*, 2010-KA-1603 (La. App. 1 Cir. 3/25/2011), 58 So.3d 1154 (Table). [See also Doc. 1-3, pp. 16-19 and 20-23]

On April 25, 2011, petitioner signed her *pro se* application for writs which was then filed in the Louisiana Supreme Court. [Doc. 1-4, pp. 61-79; Doc. 9-1, pp. 42-43] On October 21, 2011, the Supreme Court denied writs without comment. *State of Louisiana v. Shelia M. Hamilton*, 2011-0861 (La. 10/21/2011), 73 So.3d 380. [Doc. 1-3, pp. 14-15; Doc. 9-1, p. 44] Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)]

According to petitioner, she filed a second application for post-conviction relief in the District Court on October 19, 2012. [Doc. 1-2, p. 9][1] On December 26, 2012, the State filed an objection to the application arguing that pursuant to La. C.Cr.P. art. 930.8, the application was untimely. [Doc. 1-4, pp. 36-40; 43-47] On the same date, the District Court adopted the State's objection and ordered the application dismissed as untimely and repetitive. [Doc. 1-4, pp. 41and 42] On January 9, 2013, petitioner filed a Notice of Intent to seek writs in the First Circuit Court of Appeal; a return date of February 28, 2013 was set in an order signed January 29, 2013. [Doc.

---

[1] Petitioner did not provide a copy of the application. The State's objection listed the 22 specific claims for relief which petitioner raised in this application, mainly claims of ineffective assistance of counsel. [Doc. 1-4, pp. 38-39, ¶14]

1-4, pp. 32-35] Petitioner's writ application was filed in the Court of Appeal on February 14, 2013 and assigned Docket Number 2013-KW-0225. [Doc. 1-3, pp. 12-13] On April 8, 2013, the Court of Appeal granted writs and remanded the matter for further consideration, noting, that petitioner's out-of-time appeal restarted the time limits of art. 930.8 and therefore petitioner's application was timely. *State of Louisiana v. Shelia Marie Hamilton*, 2013-KW-0225 (La. App. 1 Cir. 4/8/2013). [Doc. 1-3, pp. 7-11]

On May 3, 2013 petitioner filed her third application for post-conviction relief in the Sixteenth Judicial District Court. [Doc. 1-4, pp. 25-31[2]; See also Doc. 9-1, pp. 1-8] On July 12, 2013, the District Court directed the State to file an answer. [Doc. 1-4, pp. 23-24] On July 24, 2013 the State moved for dismissal on the grounds that the application was time-barred, successive, and without merit. [Doc. 1-4, pp. 21-22] On July 25, 2013, the District Court dismissed the application for the reasons provided in the State's response. [Doc. 1-4, p. 19] On August 7, 2013, petitioner filed a notice of intent to seek writs in the First Circuit Court of Appeal; the District Court set a return date of September 19, 2013.[Doc. 1-4, pp. 16-18]

Petitioner's pro se writ application raised the following grounds for relief: (1) "The District Court erred when it denied Hamilton's Post Conviction Relief as untimely, repetitive, and successive;" and, (2) "The District Court erred by denying Hamilton's post-conviction relief on the merits of the State's motion to dismiss contending that trial counsels were not ineffective in their representation of Hamilton." [Doc. 1-3, pp. 87-101; Doc. 1-4, pp. 1-13; Doc. 9-1, pp. 9-36] On November 21, 2013, the First Circuit granted the writ on the grounds that the district court failed to comply with the previous order of remand issued in the First Circuit order under Docket

---

[2] The copy of the application is dated April 30, 2013; it is unclear what claims were raised since the application refers to a memorandum which was not provided.

Number 2013-KW-0225.[3] The Court of Appeal then noted that the matter had been transferred from Division C to Division A of the Sixteenth Judicial District Court and thereupon directed Division A "... to consider the merits of the [October 2012] application for postconviction relief." The Court denied writs with respect to the application for postconviction relief filed in May 2013 because petitioner failed to comply with the Uniform Rules and directed petitioner to file a new application in conformity with the Rules on or before January 14, 2014. *State of Louisiana v. Shelia Marie Hamilton*, 2013-KW-1520 (La. App. 1 Cir. 11/21/2013). [Doc. 1-3, pp. 4-6]

Sometime in December 2013, petitioner submitted a writ application to the First Circuit under Docket Number 2013-KW-1520.  The application sought review of the Sixteenth Judicial District Court's ruling of July 24, 2013 and was identical to the September 2013 writ application. [Doc. 1-3, pp. 58-86]

On January 14, 2014, the District Court, in obedience to the First Circuit's November 21, 2013 order [Doc. 1-3, p. 5], authored Reasons for Judgment dismissing petitioner's second application for post-conviction relief (i.e., the application filed on October 19, 2012). [Doc. 1-3, pp. 47-57][4] On February 4, 2014, petitioner filed a Notice of Intent to seek writs; the trial court set a return date for March 15, 2014.   [Doc. 1-3, pp. 39-46] Petitioner apparently filed a writ application which was denied without comment on June 16, 2014. *State of Louisiana v. Shelia Marie Hamilton*, 2014-KW-0364 (La. App. 1 Cir. 6/16/2014) [Doc. 1-3, pp. 2-3]

On July 9, 2014, petitioner sought writs in the Louisiana Supreme Court. [Doc. 9-1, pp. 37-38] On June 1, 2015, the Supreme Court denied writs without comment. *State of Louisiana ex*

---

[4] The District Court addressed the merits of Claims One (ineffective assistance of counsel), Two (involuntary plea), and Four (denial of her requests for free transcripts); the Court however declined to reach the merits of Claim Three (excessive sentence) finding the claim procedurally barred.

*rel. Shelia Marie Hamilton v. State of Louisiana*, 2014-KH-1489 (La. 6/1/2015), 171 So.3d 928.[Doc. 9-1, pp. 40-41]

Petitioner filed the instant petition on July 7, 2015.  It is unclear what claims are raised in this proceeding. The petition itself alleges the following grounds for relief: (1) "There was insufficient evidence to support the conviction for Second Degree Murder. It was uncontested that the petitioner never had a weapon; nor was it contested that the petitioner did not fire the fatal shot. Additionally, there was no evidence that the petitioner knew that her co-defendant had a gun when they went to the decedent's home. Trial counsel rendered ineffective assistance as guaranteed by the Sixth and Fourteenth Amendments." and, (2) "Petitioner was denied her constitutional right to appeal her convictions and sentences." [Doc. 1, ¶12][5]

In the addendum to the original petition, petitioner alleged a single claim – "Petitioner was denied the effective assistance of counsel during the penalty phase of her trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution." [Doc. 1, p. 14][6]  She provided a brief in support of that allegation, however, the brief contains only a recitation of the law with respect to the issue of ineffective assistance of counsel and contains NO FACTUAL support for the general claim of ineffective assistance. [see Doc. 1, pp. 14-22]

The document entitled "Petitioner's Brief in Support of Evidentiary Hearing" offers argument in support of the claim that she is entitled to an evidentiary hearing, however, it is otherwise devoid of any substantive claim for habeas corpus relief. [Doc. 1, pp. 23-31]

---

[5] These claims are obviously unrelated to petitioner's arrest, prosecution, or conviction. Plaintiff was not convicted of second degree murder, she was convicted of attempted second degree murder and given the fact of her guilty plea, there was clearly sufficient evidence to establish her guilt. Further, there was no co-defendant involved in petitioner's crime, no decedent, and no allegation of any events transpiring at "decedent's home." Further, as was shown above, petitioner was not denied her right to appeal; an out-of-time appeal was provided.
[6] As noted above, petitioner pled guilty and was afforded a sentencing hearing. There was no "trial" and consequently no "penalty phase."

In the Memorandum In Support of Petitioner's Habeas Corpus, petitioner identified the following claims:

Claim I – "Petitioner was denied her United States Constitutional right to seek relief in the District Court when the trial court erred that Petitioner had presented her post-conviction relief untimely, repetitive and successive."

Claim II – "The District Court erred by denying Hamilton's Post-Conviction Relief on the Merits of the State's Motion to Dismiss Contending that Trial Counsel(s) were not ineffective in their representation of Hamilton."[7]

On October 26, 2015, the undersigned completed an initial review of the pleadings and exhibits. Petitioner was directed to establish that her writ applications on both direct and collateral review were timely. On December 2, 2015, responded to the order by providing the documents necessary to establish that the applications were filed within the 30 day time limit established by Supreme Court Rule X. [See Doc. 9-1, pp. 37-38 and 42-43]

However, in addition, petitioner was ordered to "... specify the claims for relief she seeks to litigate and ... demonstrate that the claims raised herein were fairly presented to the Louisiana Supreme Court in a procedurally correct manner and thus establish that all available State court remedies have been exhausted." [Doc. 8] Petitioner's response to that order is still somewhat confusing. She responded, "As per the Magistrate's Order the petitioner will present her claims as they appeared in the reviewing court... Petitioner hereby specifically adopts and incorporates

---

[7] Petitioner argues the following instances to establish ineffective assistance – (1) Petitioner's first public defender, Mr. LeGros, had a conflict of interest having previously represented the victim in a bankruptcy proceeding; (2) her second public defender, Ms. Dorsey, along with her supervisor, Mr. Colwart, coerced petitioner into accepting the *Alford* plea to the charge of attempted murder; (3) her appellate counsel did not actively pursue her appeal; (4) trial counsel failed to look at all the evidence, statements and information given to the State crime lab, including evidence of petitioner's intoxication at the time of the offense; (5) counsel failed to interview witnesses who could have testified to petitioner's intoxication; and, (6) counsel failed to timely subpoena information that would have established petitioner's relationship with the victim.

herein all grounds, including all factual and legal bases, for relief from her conviction and sentences set forth in the petitioner's [state] petition, as well as all grounds for relief set forth in her pleadings on direct review. Therefore, this petitioner exhausted all her state claims before filing for habeas review. A copy of the petitioner's memorandum is attached and made a part hereof." [Doc. 9, p. 3] In a footnote she thereafter identified three claims, paraphrased as follows: (1) A general claim of ineffective assistance of counsel; (2) ineffective assistance of counsel based on counsel's failure to explain petitioner's *Alford Plea* and the resulting denial of her rights to judicial review, due process, equal protection and appropriate punishment due to the incompleteness of the record; and excessiveness of sentence. [Doc. 9, p. 3, fn. 1]

A careful reading of the remainder of the memorandum reveals the following claims of ineffective assistance of counsel, paraphrased as follows:

(1) Conflict of interest in that petitioner's court-appointed counsel, Gary LeGros, represented the victim Danielle Hebert in an ongoing Bankruptcy proceeding;

(2) Trial counsel failed to show the Court that the victim, Ms. Hebert, fraudulently withdrew money from petitioner's bank account and thus counsel failed to show that "... Hebert was not the victim the state made her out to be."

(3) Trial counsel failed to show through cell phone records, that petitioner and Hebert "were still a couple" and "would have shown the gravity of what Hebert was doing to [petitioner]."

(4) Counsel failed to use "numerous statements made by both [victims]."

(5) Counsel misstated the facts, specifically that more than one shot was fired and failed to note that the firearm accidentally discharged.

(6) Petitioner was wrongly charged with attempted murder since she lacked intent to harm the victims.

(7) Petitioner was coerced by her attorneys into accepting the plea agreement and was nervous and frightened when she entered her plea.

(8) Trial counsel did not produce information provided to her by petitioner.

(9) Petitioner was unaware of the meaning and effects of a *nollo contendere* plea.

(10) Petitioner lacked intent to kill or harm her victims and counsel failed to argue that fact either at the time of the plea or at sentencing.

(11) Petitioner was denied the right to confront the victims.

(12) Involuntary plea. [Doc. 9]

In the absence of argument or evidence to the contrary, it was assumed that the 12 claims identified above and set forth in petitioner's latest pleading [Doc. 9] were the claims she wanted to present in her federal *habeas corpus* petition.  It appears that some of those claims relate to her ineffective assistance of counsel claims and as to the others, it appears that petitioner is presenting those claims for the first time.  Further, it seems that petitioner is now raising a claim that her guilty plea was involuntary or coerced.

On December 18, 2015, petitioner was ordered to amend her petition within 40 days, setting forth each clam for relief that she wants to present in this habeas action and demonstrating how each of these claims was properly presented to the District Court, the Court of Appeal and the Louisiana Supreme Court.  The response was due on or before January 27, 2016.  Petitioner has not complied with the order, nor has she requested an extension of the time to provide the requested information.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..."  The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  The undersigned evaluated the original petition and directed petitioner to amend set forth each claim for relief that she wishes to present, as well as demonstrate that each claim was properly presented to the District Court, the Court of Appeal and the Louisiana Supreme Court.  Petitioner was given a period of 40 days within which to respond, or on or before January 27, 2016.  Petitioner disregarded the order to amend.  Therefore,

**IT IS RECOMMENDED** that petitioner's petition for *habeas corpus* be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996). IN THE EVENT PETITIONER OBJECTS TO THIS REPORT AND RECOMMENDATION, HE**

**SHOULD PROVIDE THE DOCUMENTS HE WAS ORDERED TO PRODUCE IN THE**

**DECEMBER 18, 2015 AMEND ORDER.**

In Chambers, Lafayette, Louisiana, March 10, 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:  3/11/2016
BY : lw
TO: DEW, bj